Judge Theresa L. Fricke

```
_____ FILED _____ LODGED
_____ RECEIVED
        SEP 12 2022
      CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                          DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

KALEB MICHAEL SCOTT,

  Defendant.

NO. CR22-5256DGE

**PLEA AGREEMENT**

The United States, through United States Attorney Nicholas W. Brown and Assistant United States Attorney Hillary K. Stuart of the Western District of Washington and KALEB MICHAEL SCOTT and his attorney Rebecca Fish enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), (B):

1.    **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2.    **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information: Production of Child Pornography, as charged in Count 1, in violation of Title 18, United States Code, Sections 2251(a) and (e).

Plea Agreement - 1
*United States v. Kaleb M. Scott* /CR22-5256DGE

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.     **Elements of the Offense**. The elements of Production of Child Pornography to which Defendant is pleading guilty are as follows:

> *First*, the defendant used a minor to engage in sexually explicit conduct;

> *Second*, the defendant did so for the purpose of producing a visual depiction of such conduct; and

> *Third*, the visual depiction was produced using materials that had been shipped or transported in interstate in foreign commerce or transported using any means or facility of interstate commerce or in and affecting interstate or foreign commerce.

4.     **The Penalties**. Defendant understands that the statutory penalties applicable to the offense of Production of Child Pornography, as charged in Count 1: A maximum term of imprisonment of up to 30 years and a mandatory minimum term of imprisonment of 15 years, a fine of up to $250,000, a period of supervision following release from prison of not less than 5 years up to life, a mandatory special assessment of $100, a $5,000 penalty assessment unless the defendant is indigent, and up to a $50,000 assessment because the defendant is pleading guilty to a child pornography production offense as defined by Title 18, United States Code, Section 2259(c)(1). If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 2
*United States v. Kaleb M. Scott* /CR22-5256DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court will order Defendant to pay mandatory restitution of not less than $3,000 to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

5. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

        a.     The right to plead not guilty and to persist in a plea of not guilty;

        b.     The right to a speedy and public trial before a jury of Defendant's peers;

Plea Agreement - 3
*United States v. Kaleb M. Scott* /CR22-5256DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

c.     The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.     The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.     The right to confront and cross-examine witnesses against Defendant at trial;

f.     The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.     The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.     The right to appeal a finding of guilt or any pretrial rulings.

7.    **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

Plea Agreement - 4
*United States v. Kaleb M. Scott* /CR22-5256DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1       a.    The Court will determine Defendant's Sentencing Guidelines range
2 at the time of sentencing;

3       b.    After consideration of the Sentencing Guidelines and the factors in
4 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the
5 maximum term authorized by law;

6       c.    The Court is not bound by any recommendation regarding the
7 sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines
8 range offered by the parties or the United States Probation Department, or by any
9 stipulations or agreements between the parties in this Plea Agreement; and

10       d.    Defendant may not withdraw a guilty plea solely because of the
11 sentence imposed by the Court.

12    8.   **Ultimate Sentence**. Defendant acknowledges that no one has promised or
13 guaranteed what sentence the Court will impose.

14    9.   **Statement of Facts**. The parties agree on the following facts. Defendant
15 admits Defendant is guilty of the charged offense(s):

16       a.    In 2021, KALEB MICHAEL SCOTT was living in Vancouver,
17 Washington with relatives.  SCOTT Is a 23-year-old male.  During this time, he had
18 contact with and took care of an infant child, Minor Victim (MV).

19       b.    During an investigation into uploaded images of child pornography,
20 a Snapchat end-user named "oblivionknigh19," was identified by search warrants and
21 through IP addresses as KALEB MICHAEL SCOTT.  SCOTT exchanged messages and
22 discussed his abuse of Minor Victim (MV), explaining acts he performed, over Snapchat.
23 SCOTT also sent child sexual abuse material and child pornography images of MV over
24 Snapchat.

25       c.    A description of two images of MV are as follows:
26 **Image 1**- This image is taken from the point of view of the abuser. It shows MV's
27 face and SCOTT's exposed penis. SCOTT has MV grabbing SCOTT's exposed
28 penis. This image is dated with the creation date of March 4, 2021.

Plea Agreement - 5
*United States v. Kaleb M. Scott* /CR22-5256DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    **Image 2** – This is one of a series of images dated April 9, 2021 showing SCOTT

2    engaging in sexually explicit conduct with MV. Image 2 shows SCOTT inserting

3    his penis into the buttock of MV as MV is laying on his stomach and hunched

4    over. The child's anus appears red.

5          d.    Agents discovered that SCOTT had moved to the Vancouver area in

6    2018 to live with relatives but moved to Utah in August 2021. When he left, SCOTT

7    gave his phone to his relatives in payment for money he owed for outstanding expenses,

8    and the relatives consented to a search of the phone. A digital forensic analysis of

9    SCOTT's Samsung Galaxy phone found 34 images of sexual abuse of an infant male

10    located in application caches and the android gallery. The files were created between

11    12/25/2020 and 07/26/2021, which would be near to the time the images were taken. Two

12    of the images were visually identical to those originally identified in the Snapchat

13    notification involving MV. MV's parents confirmed identity of MV through clothing and

14    items depicted in the images.

15          e.    The analysis of SCOTT's phone also revealed relevant Google

16    searches for child pornography terms. The phone also contained photos of pay stubs from

17    SCOTT and other indicia of SCOTT's ownership and control over the phone. SCOTT

18    also used Google Photo Resource linked to his email to store visually similar images to

19    those described above.

20    The parties agree that the Court may consider additional facts contained in the

21    Presentence Report (subject to standard objections by the parties) and/or that may be

22    presented by the United States or Defendant at the time of sentencing, and that the factual

23    statement contained herein is not intended to limit the facts that the parties may present to

24    the Court at the time of sentencing.

25       10.    **Sentencing Factors**. The parties agree that the following Sentencing

26    Guidelines provisions apply to this case:

27          a.    A base offense level of 32, pursuant to USSG § 2G2.2(a)(2);

28

Plea Agreement - 6
*United States v. Kaleb M. Scott* /CR22-5256DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1      b.      An upward adjustment of 12 based on the abuse involving an infant,

2  distribution, a sexual act, supervisory control, and the use of a computer pursuant to

3  USSG § 2G2.2(b);

4      c.      A three-level downward adjustment if the defendant fully accepts

5  responsibility pursuant to Paragraph 10 of this Plea Agreement.

6      The parties agree they are free to present arguments regarding the applicability of

7  all other provisions of the United States Sentencing Guidelines. Defendant understands,

8  however, that at the time of sentencing, the Court is free to reject these stipulated

9  adjustments, and is further free to apply additional downward or upward adjustments in

10  determining Defendant's Sentencing Guidelines range.

11      11.    **Acceptance of Responsibility.** At sentencing, *if* the Court concludes

12  Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant

13  to USSG § 3E1.1(a), the United States will make the motion necessary to permit the

14  Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a),

15  because Defendant has assisted the United States by timely notifying the United States of

16  Defendant's intention to plead guilty, thereby permitting the United States to avoid

17  preparing for trial and permitting the Court to allocate its resources efficiently.

18      12.    **Agreed Recommendation Regarding Imprisonment**. Pursuant to

19  Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree to recommend

20  that the appropriate term of imprisonment to be imposed by the Court at the time of

21  sentencing is a term of 240 months and the parties also recommend a lifetime term of

22  supervised release.  The Government agrees to recommend that the Court order this

23  custodial term to be served concurrently with any sentence imposed in the Defendant's

24  Washington state charges, Clark County case 21-1-02087-06.  Defendant understands

25  that this recommendation is not binding on the Court and the Court may reject the

26  recommendation of the parties and may impose any term of imprisonment up to the

27  statutory maximum penalty authorized by law.   Defendant further understands that

28  Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  Court.   Except as otherwise provided in this Plea Agreement, the parties are free to

2  present arguments regarding any other aspect of sentencing.

3      13.  **Restitution.**  Pursuant to Title 18, United States Code, Section 1593,

4  Defendant shall make restitution to victim O.M. in an amount to be determined at

5  sentencing.  Defendant agrees that the Court can order Defendant to pay restitution to the

6  victims of Defendant's crimes and, in exchange for the agreements by the United States

7  contained in this Plea Agreement, Defendant agrees that restitution in this case should not

8  be limited to the offense of conviction.  Defendant is aware that the United States will

9  present evidence supporting an order of restitution for all losses caused by all of

10  Defendant's criminal conduct known to the United States at the time of Defendant's

11  guilty plea to include those losses resulting from crimes not charged or admitted by

12  Defendant in the Statement of Facts including sexual assault and rape of a child.  In

13  exchange for the promises by the United States contained in this Plea Agreement,

14  Defendant agrees that Defendant will be responsible for any order by the District Court

15  requiring the payment of restitution for such losses.

16      a.  The full amount of restitution shall be due and payable immediately

17  on entry of judgment and shall be paid as quickly as possible.  If the Court finds that the

18  defendant is unable to make immediate restitution in full and sets a payment schedule as

19  contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule

20  represents a minimum payment obligation and does not preclude the U.S. Attorney's

21  Office from pursuing any other means by which to satisfy the defendant's full and

22  immediately-enforceable financial obligation, including, but not limited to, by pursuing

23  assets that come to light only after the district court finds that the defendant is unable to

24  make immediate restitution.

25      b.  Defendant agrees to disclose all assets in which Defendant has any

26  interest or over which Defendant exercises control, directly or indirectly, including those

27  held by a spouse, nominee, or third party.  Defendant agrees to cooperate fully with the

28  United States' investigation identifying all property in which Defendant has an interest

Plea Agreement - 8
*United States v. Kaleb M. Scott* /CR22-5256DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  and with the United States' lawful efforts to enforce prompt payment of the financial

2  obligations to be imposed in connection with this prosecution.  Defendant's cooperation

3  obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea

4  Agreement, truthfully and completely executing a Financial Disclosure Statement

5  provided by the United States Attorney's Office and signed under penalty of perjury

6  regarding Defendant's and Defendant's spouse's financial circumstances and producing

7  supporting documentation, including  tax returns, as requested; (2) providing updates

8  with any material changes in circumstances, as described in 18 U.S.C. §  3664(k), within

9  seven days of the event giving rise to the changed circumstances; (3) authorizing the

10  United States Attorney's Office to obtain Defendant's credit report before sentencing; (4)

11  providing waivers, consents or releases requested by the U.S. Attorney's Office to access

12  records to verify the financial information; (5) authorizing the U.S. Attorney's Office to

13  inspect and copy all financial documents and information held by the U.S. Probation

14  Office; (6) submitting to an interview regarding Defendant's Financial Statement and

15  supporting documents before sentencing (if requested by the United States Attorney's

16  Office), and fully and truthfully answering questions during such interview; and (7)

17  notifying the United States Attorney's Office before transferring any interest in property

18  owned directly or indirectly by Defendant, including any interest held or owned in any

19  other name, including all forms of business entities and trusts.

20            c.      The parties acknowledge that voluntary payment of restitution prior

21  to the adjudication of guilt is a factor the Court considers in determining whether

22  Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

23      14.    **Forfeiture**.  The Defendant understands and agrees the forfeiture of

24  property is part of the sentence that must be imposed in this case.

25      The Defendant agrees to forfeit immediately, to the United States, his right, title,

26  and interest in any property he used or intended to use to commit or to promote his

27  commission of *Production of Child Pornography*, as charged in Count 1 of the

28

Plea Agreement - 9
*United States v. Kaleb M. Scott* /CR22-5256DGE

1  Information, and any proceeds of the offense.  All such property is forfeitable pursuant to
2  Title 18, United States Code, Section 2253(a).

3        The Defendant agrees to fully assist the United States in the forfeiture of the
4  above-described property and to take whatever steps are necessary to pass clear title to
5  the United States, including but not limited to: surrendering title and executing any
6  documents necessary to effectuate such forfeiture; assisting in bringing any assets located
7  outside the United States within the jurisdiction of the United States; and taking whatever
8  steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed,
9  wasted, hidden, or otherwise made unavailable for forfeiture.  The Defendant agrees not
10  to file a claim to any of the above-described property in any federal forfeiture proceeding,
11  administrative or judicial, which may be or has been initiated.

12        The United States reserves its right to proceed against any remaining property not
13  identified in this Plea Agreement, including any property in which the Defendant has any
14  interest or control, if it constitutes proceeds of, or was used to commit or to promote the
15  Defendant's commission of *Production of Child Pornography*.

16        15.    **Abandonment of Contraband**. Defendant also agrees that, if any federal
17  law enforcement agency seized any illegal contraband that was in Defendant's direct or
18  indirect control, including files and images depicting minors engaged in sexually explicit
19  conduct, Defendant consents to the federal administrative disposition, official use, and/or
20  destruction of that contraband.  Defendant also abandons any interest he may have in any
21  electronic devices including but not limited to: a Samsung Galaxy S9 cellular phone
22  (SM-G965U) and all non-contraband data files contained on these electronic devices, and
23  he consents to the federal administrative disposition of the devices and data files,
24  including their destruction.

25        16.    **Registration as a Sex Offender.** The Defendant stipulates and agrees that
26  based on the Sex Offender Registration and Notification Act, Title 42, United States
27  Code, Section 16911 et seq., he is entering a plea of guilty to a sex offense and is a sex
28  offender as those terms are defined in the Act. The Defendant further agrees that pursuant

1   to the Act, he is required to register as a sex offender, and keep the registration current, in

2   each jurisdiction where the Defendant resides, is an employee, and is a student. The

3   Defendant further agrees that for initial registration purposes only, the Defendant is

4   required also to register in the jurisdiction in which the Defendant is convicted if such

5   jurisdiction is different from the jurisdiction of residence.

6        17.    **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement,

7   the United States Attorney's Office for the Western District of Washington agrees not to

8   prosecute Defendant for any additional offenses known to it as of the time of this Plea

9   Agreement based upon evidence in its possession at this time, and that arise out of the

10  conduct giving rise to this investigation. In this regard, Defendant recognizes the United

11  States has agreed not to prosecute all of the criminal charges the evidence establishes

12  were committed by Defendant solely because of the promises made by Defendant in this

13  Plea Agreement. Defendant agrees, however, that for purposes of preparing the

14  Presentence Report, the United States Attorney's Office will provide the United States

15  Probation Office with evidence of all conduct committed by Defendant.

16        Defendant agrees that any charges to be dismissed before or at the time of

17  sentencing were substantially justified in light of the evidence available to the United

18  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

19  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

20  (1997).

21        18.    **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if

22  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

23  Agreement and Defendant may be prosecuted for all offenses for which the United States

24  has evidence. Defendant agrees not to oppose any steps taken by the United States to

25  nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

26  Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement,

27  Defendant has waived any objection to the re-institution of any charges that previously

28  were dismissed or any additional charges that had not been prosecuted.

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    Defendant further understands that if, after the date of this Plea Agreement,

2  Defendant should engage in illegal conduct, or conduct that violates any conditions of

3  release or the conditions of confinement (examples of which include, but are not limited

4  to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

5  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

6  Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

7  to file additional charges against Defendant or to seek a sentence that takes such conduct

8  into consideration by requesting the Court to apply additional adjustments or

9  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

10  advisory Guidelines range, and/or by seeking an upward departure or variance from the

11  calculated advisory Guidelines range. Under these circumstances, the United States is

12  free to seek such adjustments, enhancements, departures, and/or variances even if

13  otherwise precluded by the terms of the Plea Agreement.

14    19.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**

15  Defendant acknowledges that, by entering the guilty plea(s) required by this Plea

16  Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any

17  pretrial rulings of the Court, and any rulings of the Court made prior to entry of the

18  judgment of conviction. Defendant further agrees that, provided the Court imposes a

19  custodial sentence that is within or below the Sentencing Guidelines range (or the

20  statutory mandatory minimum, if greater than the Guidelines range) as determined by the

21  Court at the time of sentencing, Defendant waives to the full extent of the law:

22    a.    Any right conferred by Title 18, United States Code, Section 3742,

23  to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

24  restitution order, probation or supervised release conditions, or forfeiture order (if

25  applicable); and

26    b.    Any right to bring a collateral attack against the conviction and

27  sentence, including any restitution order imposed, except as it may relate to the

28  effectiveness of legal representation.

Plea Agreement - 12
*United States v. Kaleb M. Scott* /CR22-5256DGE

1    This waiver does not preclude Defendant from bringing an appropriate motion

2  pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

3  the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

4    If Defendant breaches this Plea Agreement at any time by appealing or collaterally

5  attacking (except as to effectiveness of legal representation) the conviction or sentence in

6  any way, the United States may prosecute Defendant for any counts, including those with

7  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

8  Agreement.

9    20.    **Voluntariness of Plea**. Defendant agrees that Defendant has entered into

10  this Plea Agreement freely and voluntarily, and that no threats or promises were made to

11  induce Defendant to enter a plea of guilty other than the promises contained in this Plea

12  Agreement or set forth on the record at the change of plea hearing in this matter.

13    21.    **Statute of Limitations**. In the event this Plea Agreement is not accepted by

14  the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement,

15  the statute of limitations shall be deemed to have been tolled from the date of the Plea

16  Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea

17  Agreement by the Court; or (2) thirty (30) days following the date on which a breach of

18  the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

19  //

20  //

21  //

22

23

24

25

26

27

28

Plea Agreement - 13
*United States v. Kaleb M. Scott* /CR22-5256DGE

1       22.    **Completeness of Plea Agreement**. The United States and Defendant

2 acknowledge that these terms constitute the entire Plea Agreement between the parties,

3 except as may be set forth on the record at the change of plea hearing in this matter. This

4 Plea Agreement binds only the United States Attorney's Office for the Western District

5 of Washington. It does not bind any other United States Attorney's Office or any other

6 office or agency of the United States, or any state or local prosecutor.

7       Dated this 12th day of September, 2022.

8

9 KALEB MICHAEL SCOTT
Defendant

10

11

12 REBECCA FISH
Attorney for Defendant

13

14

15 GRADY J. LEUPOLD
Assistant United States Attorney

16

17

18 HILLARY K. STUART
Assistant United States Attorney

19

20

21

22

23

24

25

26

27

28

Plea Agreement - 14
*United States v. Kaleb M. Scott* /CR22-5256DGE