Judge David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KALEB MICHAEL SCOTT,<br><br>Defendant. | NO. CR22-5256 DGE<br><br>UNITED STATES' SENTENCING MEMORANDUM |

The United States respectfully recommends the Court impose a custodial sentence of 240 months, to be followed by a lifetime term of supervised release, and order restitution in the amount of $3,000, and a mandatory fee of $100. The defendant appears before this court for sentencing in the above-captioned case pursuant to his guilty plea on September 6, 2022 to Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e).

### I.     BACKGROUND

**A.     Offense Conduct**

Kaleb Michael Scott is a 23-year-old male from Paradise, California who moved to Vancouver, Washington, with his extended family in 2018. While living in Washington over the next few years, the defendant became involved with a family and

United States' Sentencing Memorandum - 1
*United States v. Kaleb Scott*, CR22-5256DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

began living with them. The family asked the defendant to provide childcare for their young son. As a trusted caregiver, the defendant horrifically abused his position and preyed upon the infant. Not only did he abuse the infant, he disseminated images of the abuse on the internet, where it will live forever. Further, he detailed his abuse in online chats, discussing details of the pain and suffering of a small, helpless, innocent. During this time, defendant abused a second young child, which is discussed in the Pre-Sentencing Report. The Defendant's wanton conduct shows that he preyed upon the most helpless in our society without regard for the damage he inflicted on their bodies, their families, and their futures.

**B.    Procedural History**

Mr. Scott was originally charged for the underlying assault crimes in State court. As part of a global resolution, Mr. Scott agreed to plead guilty to both the state charges and the federal charges, in exchange for a joint recommendation of 240 months and a lifetime of supervision. Additionally, the parties agreed, and orchestrated through writs, that Mr. Scott should serve his confinement in federal custody due to the additional rehabilitation programs and services, given his youth.

Mr. Scott made his initial appearance in Federal Court on April 26, 2022. Dkt. 08. Mr. Scott then returned to state custody for his plea and sentencing there. Mr. Scott returned to federal custody, and plead guilty on September 6, 2022, to Production of Child Pornography. Dkt. 19 – 26. Now, Mr. Scott shall be sentenced in Federal Court, and remain in federal custody, with the sentences to run concurrently.

## II.    SENTENCING GUIDELINES CALCULATIONS

**A.    Offense Level**

The Government and Defense agree that the base level of this offense is 32, pursuant to United States Sentencing Guidelines 2G2.1(a). The parties further agreed that the following guidelines also apply:

2G2.1(b)(2)    Sexual act                                                                                                                           +2

United States' Sentencing Memorandum - 2
*United States v. Kaleb Scott*, CR22-5256DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

| | | |
|---|---|---|
| 2G2.1(b)(3) | Distribution | +2 |
| 2G2.1(b)(4) | Sexual abuse or exploitation of an infant or toddler: | +4 |
| 2G2.1(b)(5) | Supervisory control | +2 |
| 2G2.1(b)(6) | Use of a computer | +2 |

The parties failed to account for the applicable guideline of 2G2.1(b)(1), Prepubescent minor, which would increase the level by 4. The pre-sentencing report does not include Distribution, under 2G2.1(b)(3). The Government acknowledges that the maximum offense level is 43, however.

**B.     Criminal History Category**

The Government concurs with the pre-sentencing report that the Defendant has a criminal history score of zero.

**C.     Guidelines Range**

The defendant's guidelines range is life.

### III.     FACTORS RELATED TO SENTENCING RECOMMENDATION

The United States respectfully requests that the Court sentence the defendant to 240 months of confinement, followed by a lifetime term of supervised release. The United States believes this sentence is appropriate in light of "the nature and circumstances of the offense," and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(C). A review of pertinent Section 3553(a) sentencing factors, below, supports the recommended sentence.

**A.     Nature and Circumstances, and Seriousness of the Offense**

The defendant himself called his acts "atrocious." The victimization of young and helpless children is the worst of offenses, and it is punished accordingly under our laws. Here, the defendant used his position as a caregiver to isolate a young child, sexually abuse the child, film his abuse, and produce that abuse online. He bragged about the

United States' Sentencing Memorandum - 3
*United States v. Kaleb Scott*, CR22-5256DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

abuse online, treating the victim like an object instead of a human being. Further, the defendant talked about a second victim, and chatted online to other people about his continuing abuse of these children.

Unquestionably, victims of child sexual abuse suffer profound harm at the hands of their abuser. The victims of child pornography offenses suffer an additional harm, however. They must contend with the fact that the permanent visual record of the very worst moments of their lives are what pedophiles around the globe use to satisfy their depraved sexual urges. They are revictimized each and every time their images or videos are trafficked and must face this revictimization each and every day for the rest of their lives. The defendant's re-victimization of these children by talking about the abuse, sharing photos, and boasting about the sexual assaults cause the victim and their families irreparable harm.

**B.    History and Characteristics of the Defendant**

Scott had a difficult upbringing, and a prior juvenile record involving sexual misconduct. He lacked stability and guidance, and struggled with addictions in his family. He suffered abuse, and was removed from his parents' care at times. Some of this seems to have contributed to his inability to control his sexual conduct, but in no way does it excuse or mitigate his behavior. The Government asks that you do consider the Defendant's youth in sentencing him. The Government sincerely hopes that rehabilitation is possible for the defendant at such a young age. With the treatment and services provided in federal facilities, along with follow-on supervision, the defendant has a chance to rejoin society and rectify his wrong.

**C.    Need to Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Deterrence, and Protect the Community**

When the court crafts an appropriate sentence for the defendant, the Government asks that you keep the focus on the victim and their suffering. A substantial custodial term is justified by the twin aims of deterrence and promoting respect for the law. But the

United States' Sentencing Memorandum - 4
*United States v. Kaleb Scott*, CR22-5256DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

combination of custody and close supervision after release will be critical to protect the community. The defendant's collection of child exploitation imagery and his repeated offenses suggests neither a passing nor short-lived pattern of conduct. Add to that the challenges his mental health, substance abuse, and overall attitude toward his legal peril will pose for him, and the Court should rightly be concerned about the defendant's risk of future criminal conduct. Confinement will, of course, all but ensure he will not commit another offense against a child during the period of custody. But the defendant will be released eventually. When he is, the best hope of protecting the community is close and lengthy federal supervision.

**D.     Kinds of Sentences Available, and Any Necessary Educational or Vocational Training or Other Special Care**

Given the defendant's age, severity of the offense, and history of similar misconduct, the Court should craft an appropriate sentence of confinement, supervision, and restitution. The Government concurs with the recommendation from probation regarding post-conviction requirements of continued mental heath treatment and monitoring. If vocational training is available in confinement, the defendant would be an excellent candidate for such.

**E.     Need to Avoid Unwarranted Sentence Disparity Among Similarly Situated Defendants**

The Government is asking for the 20-year sentence due to the negotiated nature of the global resolution, the victim family's support, and the specific characteristics of this defendant. The Government acknowledges that sexual assault of such a young child, coupled with the dissemination of the images and discussion of the assault online could warrant an even higher sentence, but the parties have worked to bring this case to an end for everyone involved with this recommendation. However, the sentence should not go below twenty years. This instance of production of child pornography is too horrific to warrant any less than 20 years of confinement, and a lifetime of supervision.

United States' Sentencing Memorandum - 5
*United States v. Kaleb Scott*, CR22-5256DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

## IV. CONCLUSION

For all of the reasons set forth above, the governments respectfully recommends the Court impose a custodial sentence of 240 months, to be followed by the a lifetime term of supervised release, and a mandatory fee of $100/per charge.

DATED this 3rd day of February, 2023.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/Hillary Stuart*
HILLARY STUART
Assistant United States Attorney
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Telephone: (253) 428-3800
Email: Hillary.Stuart@usdoj.gov

United States' Sentencing Memorandum - 6
*United States v. Kaleb Scott*, CR22-5256DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800